# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1882.

\* Henry Repp *vs.* Henry M. Berger, and Andreas Dittman.

*Prayers and Instructions to the Jury—Costs—Construction of the Act of 1874, ch. 16, relating to Costs in the City of Baltimore, in Actions independent of Contract.*

Where instructions granted by the Court give to the party the benefit of all the law asked by his own prayers, he cannot be heard to object to such instructions because they do not give more.

An action at law for wrongs, independent of contract, brought in one of the Courts of Baltimore City, was removed to and tried in the Circuit Court for Anne Arundel County. The verdict being in favor of the plaintiff for one cent damages, the Court, under the Act of 1874, ch. 167, adjudged the costs to the defendant. On appeal it was Held:

That there was error in awarding any part of the costs against the plaintiff. The Act of 1874, ch. 167, applies exclusively to the Courts of Baltimore City. In the Circuit Courts for the Counties, in cases at law, the rule still is that the costs follow the verdict.

Appeal from the Circuit Court for Anne Arundel County.

The appellant sued the appellees in the Court of Common Pleas for injuries caused by the erection by the de-

\* The appearance of this case out of its chronological order, is due to a motion for a re-argument, which was pending at the time it was reached. The motion was finally overruled.

fendant of a steam engine and boiler and other machinery, and the use of the same by the defendants in carrying on the brewing business, on a lot of ground in the City of Baltimore, adjoining a lot on which the plaintiff resided with his family and carried on the business of a baker. The defendants pleaded the general issue, and a second plea, which, upon demurrer was ruled insufficient. On the suggestion of the defendants the cause was removed to the Circuit Court for Anne Arundel County, in which Court the defendants filed the following plea:

"And for a third plea in this behalf, the said defendants say, that the premises, whereon the injury alleged by the plaintiff is being done, were owned and possessed by the defendants, and those under whom the defendants legally claim, for many years, before the plaintiff became possessed of his title in, or occupied the premises in the declaration mentioned, and that defendants, and those under whom they so lawfully claim, have used their aforesaid property for a brewery, and therein conducted their business as such for more than twenty years, before the commencement of this suit, without suit, molestation or disturbance by, or on the part of the owners and occupiers of the said property, now of the plaintiff, and during all that time they had continued to use and carry on their said trade as brewers, and during all that time the said business of brewing had thereon been followed, conducted and done with no more or greater noise, jarring or agitation, than were necessary and requisite to enable them to carry on their said business, and than the plaintiff, and those under whom he claims, had been accustomed to, from said cause and business, during all that time."

A demurrer to this plea was overruled by the Court, and after general replication to said plea and issue thereon the cause proceeded to trial.

*Exception.*—At the trial the plaintiff offered the six following prayers:

1. If the jury find from the testimony that the plaintiff is, and has been, since the 3d of March, 1873, the owner of the lot and improvements mentioned in this case, and described in the deed offered in evidence by him, and that part of the improvements on said lot are a dwelling-house occupied by him and his family, and a store and bake-house and oven were, for the purposes of his trade and business as a baker; and that he lived and carried on a profitable business at said place from the year 1873, to the month of May, 1878; and if they further find that the defendants and those under whom they claim, had carried on a hand brewery on the lot adjoining the premises of the plaintiff, from the year 1856, to May, 1878, and that in May, 1878, the defendants changed the mode of operating their brewery, by the erection on their said lot of a steam boiler, pumps and water tanks, with the necessary pipes and attachments to be operated by steam; and that said brewery has been operated by steam power, and the use of the said machinery from the month of May, 1878, to the present time; and if they further find that said machinery or any part thereof, was located so near to the dwelling, bake-house and oven of the plaintiff, that his said buildings or any part thereof, were by the operation of said machinery, or any part thereof, injured or rendered uncomfortable to himself and family as a dwelling, or less valuable for his business and trade as a baker, then the plaintiff is entitled to recover, notwithstanding the business of the defendants was lawful, and could not be conducted without producing the effects complained of by the plaintiff; and the jury, if they find for the plaintiff, may allow him such damages as they may consider from all the evidence in the cause, a reasonable and fair compensation for such injury to his property, disturbance and discomfort to himself and family, and the loss they may find he sustained thereby in said damages.

2. If the jury find from the evidence, that the plaintiff is, and has been, since March, 1873, the owner of the lot

of ground and improvements, in the declaration mentioned, as described in the deed offered by him, and that part of the improvements is a dwelling-house, occupied by him and his family; and that the defendants, in the month of May, 1878, erected on their lot, adjoining the premises of the plaintiff, noisy machinery, used in carrying on their brewery, whereby the reasonable comfort and quiet of the plaintiff's house are destroyed, and the reasonable rest and repose of the plaintiff and his family are destroyed at night, then they should find for the plaintiff; and the jury may find for him such damages, in respect to such noise and disturbance, as they may consider reasonable, under the circumstances.

3. If the jury find from the evidence, that the plaintiff is, and has been, since March, 1873, the owner of a dwelling-house, adjoining the lot of the defendants, and upon which they carried on a hand brewery, prior to March, 1878; and that the plaintiff has occupied the said dwelling, with his family, since he became the owner thereof; and that the defendants, in May, 1878, erected, or placed on the premises adjoining the property of the plaintiff, a water tank, steam boiler, and other machinery operated by steam power, and that the operation of the said machinery disturbed the reasonable comfort and repose of the plaintiff and his family; then the plaintiff is entitled to recover, and the jury may allow him such damages in respect to such disturbance and discomfort as they may consider reasonable under all the circumstances.

4. If the jury find from the evidence that the plaintiff is, and has been, since March, 1873, the owner of the lot and improvements in the declaration mentioned, and that part of the improvements is a dwelling-house, occupied by himself and family; and that the residence is used as a bakery, and that the defendants, prior to the month of April, 1878, carried on a hand brewery on the lot adjoining the plaintiff's premises, and in that month changed

Repp *vs.* Berger and Dittman.

their mode of working their brewery, by erecting the machinery mentioned by the witnesses, and operated the same by steam from that time to the present; and if they further find that the said machinery or any part thereof, was placed so near to the premises of the plaintiff, that his buildings or any part thereof, were injured by the working of said machinery, the plaintiff is entitled to recover such damages as the jury may find his said property has sustained by the operating of said machinery.

5. If the jury find from the evidence that the bakery and oven of the plaintiff were injured by the operation of the machinery of the defendant's premises, and that his business as a baker was injuriously affected thereby, then the plaintiff is entitled to recover such damages as they shall find were sustained by the plaintiff, by reason of the injury done to his business, as will fairly compensate him for the loss of the profits thereof.

6. If the jury find for the plaintiff, they can only assess the damages sustained by him down to the time of bringing this suit, the 16th February, 1880.

And the defendants offered the two following prayers:

1. If the jury find that the premises whereon the injury alleged by the plaintiff was done, were used and occupied for a brewery, and the business thereof was conducted there for more than twenty years continuously before the commencement of this suit, without let, suit, molestation or disturbance by or on the part of the owners or occupiers of the property now in the plaintiff, by the defendants and those under whom they lawfully claim, with no more or greater noise, jarring or agitation than were necessary and requisite to enable them to carry on their said business, nor than the plaintiff and those under whom he claims had been accustomed to from said cause and business during all that time, and that the plaintiff, many years after the said business had been so carried on and

MARYLAND REPORTS.

conducted, became the purchaser of the said premises whereon the injury alleged was done, then the plaintiff is not entitled to recover in this suit, and their verdict must be for the defendant.

2. That in making their verdict in this cause the jury must take into consideration the locality, the nature of the business, the character of the machinery, the manner of using the property producing the annoyance and injury complained of, and that the plaintiff taking up his residence adjoining premises where a brewery had been already established, must expect to encounter the noises and annoyances incident to the careful and proper conducting of said business, provided that such noises and annoyances be not of such character as to be productive of actual physical discomfort to persons of ordinary sensibility.

The Court (MILLER, HAMMOND, and HAYDEN, J.) rejected the prayers on both sides except the sixth of the plaintiff, which was granted, and gave the two following instructions to the jury in lieu of all the other prayers on both sides:

1. That if the jury find from the testimony, that the plaintiff is now, and has been, since March, 1873, the owner of the lot and improvements mentioned, and described in the deed offered in evidence by him, and that part of the improvements on said lot, are a dwelling-house, occupied by him and his family, and a store and bakehouse and oven, used for the purposes of his trade and business, as a baker, and that he carried on a profitable business at said place, from the year 1873, to the month of May, 1878; and if they further find, that the defendants, and those under whom they claim, had carried on a hand brewery, on the lot adjoining the premises of the plaintiff, from the year 1856, to May, 1878, and that in May, 1878, the defendants changed the mode of operating their brewery, by the erection on their said lot, of a steam boiler, pump and water tank, with the necessary pipes and

attachments to be operated by steam, and that said brewery has been operated by steam power, and the use of the said machinery from the month of May, 1878, to the present time; and if they further find, that said machinery, or any part thereof, was located, close or near to the dwelling, bake-house and oven of the plaintiff, and that the noise or jarring, or agitation made by said machinery, whilst in operation, was greater than had been previously made by the working of said brewery by hand, and that said noise, jarring or agitation was such, as to produce actual physical discomfort and annoyance to persons of ordinary sensibility; and if they further find, that the plaintiff and his family were in fact discomforted, and annoyed by such noise, jarring or agitation, or that by such jarring or agitation, the plaintiff's dwelling-house, or any part of his premises were injured, or rendered uncomfortable to himself and family as a dwelling, or less valuable for his business and trade as a baker, then the plaintiff is entitled to recover for such injuries, or either of them; and the jury may allow him such damages therefor, as they may consider from all the evidence in the cause, will be a reasonable compensation for said injuries, or either of them, including the loss they may find he sustained thereby, in his said business as baker; but no allowance can be made for any damages sustained, after the 16th of February, 1880, the date of bringing this suit.

2. But if they find that a brewery and the business of brewing had been conducted on the premises now owned by the defendants, by the defendants themselves and those under whom they claim, continuously for more than twenty years prior to the commencement of this action, without let, suit, molestation or disturbance, by or on the part of the owners or occupiers of the premises now owned by the plaintiff, and described in his said deed, and with no more or greater noise, jarring or agitation then were necessary or requisite to enable them to carry on their said

business, and with no noise or greater noise, jarring or agitation than the plaintiff and those under whom he claims, while living in and occupying said premises, had been accustomed to from said cause and business, during all that time, and prior to the month of May, 1878, then the plaintiff is not entitled to recover, and the verdict must be for the defendants.

The plaintiff excepted. The jury rendered a verdict for the plaintiff for one cent damages, and judgment was entered accordingly. Thereupon the plaintiff filed the following petition:

The plaintiff moves the Court here not to adjudge the costs of the case to the defendants under the Act of 1874, ch. 167, but to adjudge them to himself.

1st. Because the cause having been removed to and tried in this Court the said Act of Assembly does not apply.

2nd. Because under the facts disclosed at the trial he had valid and substantial cause of action and ought to be allowed his costs against the defendants.

3rd. Because the record was removed to this Court by the defendants whereby the plaintiff was put to much greater costs and other expenses attending the trial, than he would have incurred if the trial had been in Baltimore City.

4th. Because the facts of the case as disclosed at the trial showed that the plaintiff had good reason for not bringing suit before a justice of the peace.

The Court overruled the petition except as to the costs of the April Term, 1881. The plaintiff appealed.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, IRVING, and RITCHIE, J.

*James Revel*, and *Wm. H. Tuck*, for the appellant.

The plaintiff complained that the steam machinery as operated by the defendants, produced certain results.

Whether the same results had been produced by the hand machinery, was of no consequence, as a bar to the action. If a man submits to a nuisance of one kind for five years, he would not thereby waive his right to complain of that or a nuisance of another kind, after the five years. The issue was, whether certain consequences complained of by the plaintiff, had been produced; that might depend on the necessary effects of a given cause, and not on the fact that a *greater* noise or agitation or jarring had resulted from other agencies. By the instruction the jury were required to find that the steam machinery produced *greater* noise, &c. than when the brewery was worked by hand. Such an injury was not embraced by the issue. It is like condoning one grievance by setting up another.

One complaint was, that the noise, jarring, &c., affected the enjoyment of the house as a home, by day and *by night.* The evidence is full to that point. Without leaving that question to the jury, as a distinct element in the case, they were required to find that these causes were such as to produce "actual physical discomfort and annoyance to persons of ordinary sensibility," before they could find that the plaintiff and his family were in fact discomforted, &c. According to the proof, they were seriously affected, without reference to the degree of susceptibility. When the case shows that the plaintiff had children; that he had boarders, one of whom was sick and died during the time, and had been kept awake by this machinery, it seems to be irrelevant to the merits of the case to inquire about the degrees of sensibility. No matter how much the family was disturbed, if the jury thought they ought not to have been affected, they could not, under this instruction, have found for the plaintiff. Every man is entitled to the reasonable use and enjoyment of his property, in whatever way it may be used, and, in a case like this, the only injury ought to be

whether as matter of fact, the nuisance complained of has destroyed or impaired the reasonable comfort, quiet and repose of the plaintiff and his family.

A lawful trade, productive of noise in the daytime, may become a nuisance, if carried on at night, so as to disturb the rest and repose of the neighbors. *Wood on the Law of Nuisances*, sec. 543, *et seq.* and authorities there quoted.

It is admitted that the Court may refuse all the prayers offered, and grant instructions of their own. But in such instances the instructions ought to present the case fully, and cover all the points asserted in the prayers offered, if pertinent to the issues in the cause. And this has not been effected in this case by the first instruction. By the prayers of the plaintiff, the several claims for damages on different grounds are plainly and specially set out, and ought to have been submitted to the jury as therein presented.

The second instruction was designed to cover the plea of twenty years use of the brewery before suit was brought.

Under this point, the demurrer to that plea, and the correctness of the instrurction, may be considered together. If the demurrer had been sustained, there would have been no such plea in the cause, and of course no ground for the second instruction.

Our objection to the plea and to the instruction is, that to bar the recovery, by twenty years undisturbed continuance of a nuisance, the defendant must show that the state of things relied upon as creating the bar, must be of the same kind as that complained of, without reference to the greater or less volume of sound, or other effects produced by one state of things as compared with the other.

The difference in the kind of noise, of jarring and agitation, may cause the nuisance. It may depend on *quality*, and not on the *amount or quantity*. Some noises of great

volume may be less offensive than others of less, depending on their character. Illustrations will occur to the mind without being stated.

Under this plea and instruction, the jury were called on to make comparisons between things that could not be compared; that is to say, they were authorized to find that a steam boiler, pump and water tank, with live steam being injected, made "no more or greater noise, jarring or agitation" than the hand pump described by the witnesses. One may understand that a steam pump will sometimes make no greater noise than a pump worked by hand, but how is it possible to say, as matter of law, that one must submit to the effects of steam power, used as shown in this case, with boiler, escape, tank, &c., because, for twenty years, he has been accustomed to listen to a hand pump on the same premises. It seems quite reasonable that Judges should be presumed to know enough of machines and machinery as to be able to determine that no such comparison can be made, when their effects on adjoining houses, and the human system, are to be considered.

In order to establish a right by prescription, it must be shown to have been enjoyed in the same degree and to the same extent as claimed. *Postlethwaite vs. Paine,* 8 *Indiana,* 104.

No change will be allowed which would be injurious to those whose interests are involved. *Stein vs. Borden,* 24 *Ala.,* 130; *Wood on the Law of Nuisances, Note* 1, *p.* 719, *and note* 1 *to sec.* 705; *Stiles vs. Hooker,* 7 *Cowen,* 266.

To establish a right by prescription, three things must concur:—1st—Use, occupation and enjoyment. 2nd—The identity of the thing enjoyed. 3rd—It must be adverse to the right of another person. *Lawton vs. Rivers,* 2 *McCord.,* 449; *Cosby vs. Bessey,* 49 *Me.,* 539; *Goldsmith's Case,* 1 *L. R.,* (*Eq. Ca.*) 160; *Wood on the Law of Nuis-*

*ances, secs.* 703, 704, 706, 708, 709, 710, 711, *and note* 2 *to sec.* 709.

It is no answer to say that the jury found the issues for the plaintiff. But for the instructions granted, and the refusal of the plaintiff's prayers, they would have found a verdict for a larger amount.

The question on the motion as to costs arises on the application of the Act of 1874, ch. 167. After the removal of the cause to the Anne Arundel Court, the Act had no application, and under the circumstances of the cause, the plaintiff ought not to have been adjudged to pay the costs.

*Alfred J. Carr,* and *Frank H. Stockett,* for the appellees.

The case was one purely of damages sought to be recovered for injury done to the property, business, health and comfort of the plaintiff, by the acts of the defendants, and this question of damages, and the amount thereof, could be ascertained by the jury in no other mode than on the testimony of witnesses, on the one side or the other. The record shows that many witnesses were examined and that the testimony of these witnesses is voluminous and directly contradictory.

By the first instruction given by the Court, the whole of this mass of contradictory testimony as to the injury of the plaintiff's property, the damage done to his business and health, as also the discomfort of himself and family by the acts or doings of defendants, was given to the jury, to be by them weighed in the rendering of their verdict. The jury were the exclusive judges of the value, credibility and effect of this evidence, and on the consideration of the evidence, came to the conclusion that the damage done to the plaintiff, was only to the value of one cent. *Morrison vs. Whiteside,* 17 *Md.,* 452; *Fulton vs. Maccracken,* 18 *Md.,* 528; *Howard's Lessee vs. Car-*

*penter,* 22 *Md.*, 10; *Wetherall & Mickle vs. Garrell,* 28 *Md.*, 450; *Reamy's Case,* 42 *Md.*, 117; *Green vs. Ford,* 35 *Md.*, 82; *Spencer vs. Trafford,* 42 *Md.*, 1.

The second instruction of the Court, was only the re-affirmance of its judgment in sustaining the defendants' third plea, on the demurrer of the plaintiff thereto, and instructing the jury to determine from the evidence: 1st, whether the business of brewing had been conducted on the defendant's premises continuously for more than *twenty* years, prior to the commencement of this suit, without let, molestation or disturbance on the part of any of the owners or occupiers of the premises owned by the plaintiff; and, 2d, with no more or greater noise, jarring or agitation than was necessary or requisite, to enable them to carry on their said business, and with no greater noise, jarring or agitation than the plaintiff, and those under whom he claims, while living in and occupying the said premises, had been accustomed to from said cause and business, during all that time, and prior to the month of May, 1878.

As to the first of these two propositions, there was no contradictory evidence whatever, and it was conceded, that from 1856, a brewery had been continuously worked and conducted on the said premises occupied by the defendants.

On the second proposition there was conflicting testimony, and this testimony the Court submitted by this instruction to the jury, who were the exclusive judges of its value and credibility. No point or principle of *the law of the case* was left to them, but only, if they found from the evidence that the facts were as stated to them by the Court, then they were to find their verdict for the defendants, and their verdict showed the result of their judgment on the character, and the weight of the evidence on these points. *Griffith vs. Diffenderffer,* 50 *Md.*, 468; *Hammond vs. Strand,* 53 *Md.*, 3.

The correctness of the judgment of the Court in over-ruling the demurrer to the defendants' third plea, is sustained by the following authorities: 1 *Addison on Torts*, 196; 1 *Addison on Torts*, 251; 2 *Greenleaf's Ev., sec.* 537, 543; *Wood on the Law of Nuisances, secs.* 701, 705, 706; 3 *Kent's Com.*, (12th *Ed.*,) 441, 442, 443, *and notes;* 2 *Bingh. New Cases*, 136; 4 *Bingh. New Cases*, 186; *Wright vs. Howard*, 1 *Sim. & Stu.*, 203; *Gray vs. Bond*, 2 *Brod. & Bing.*, 667; *Hazard vs. Robinson*, 3 *Mason*, 275; *Sherwood vs. Burr*, 4 *Day*, 244; *Ingraham vs. Hutchinson*, 2 *Conn.*, 588, 589; *Stiles vs. Hooker & Hooper*, 7 *Cowen*, 266, 268; *Campbell vs. Smith*, 3 *Halstead*, 139, 147; *Casey's Lessee vs. Inloes*, 1 *Gill*, 432; *Ph. Wil. & Balto. R. R. Co. vs. State*, 20 *Md.*, 164; *Day vs. Allender*, 22 *Md.*, 511, 529; *Crook vs. Glenn*, 30 *Md.*, 55; *Brown vs. Trustee, &c.*, 37 *Md.*, 109.

GRASON, J., delivered the opinion of the Court.

The appellant's prayers, which were rejected, did not ask any instruction touching the *character* or *quality* of the noise, made by the appellees' steam boiler, pumps, pipes, &c., and therefore there is no force in the argument of the appellant's counsel that the instructions, granted by the Court in lieu of those asked by the prayers, did not direct the minds of the jury to the *character* or *quality* of the noises made by them. When instructions granted by the Court give to the party the benefit of all the law asked by his own prayers, he cannot be heard to object to such instructions because they do not give more. This principle has been so well settled that it is not necessary to cite authority in its support.

The third plea alleges all that was necessary, if established by proof, to make out a defence by prescription, and the demurrer to it was properly overruled. The appellant had the benefit of all the proof he offered tending to show that the grievances complained of were different

in character and quality as well as greater in volume, after the appellees commenced brewing by steam power in 1876, than they had been before that date, and the law, applicable to the case, was fully and fairly given to the jury by the instructions of the Circuit Court.

There was error, however, in awarding any costs against the appellant. The Act of 1874, ch. 167, applies exclusively to the Courts of Baltimore City. In the Circuit Courts for the counties, in cases at law, the rule still is that the costs follow the verdict.

The judgment appealed from, will, therefore, be affirmed except as to costs, and as to them the judgment will be reversed, but without costs in this Court, and the cause remanded in order that the costs may be adjudged in conformity to the views expressed in this opinion.

> *Judgment affirmed, except as to*
> *costs, and reversed as to them,*
> *and cause remanded.*

(Decided 11th July, 1882.)